IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD JAMAR SEARS, JR., FC3114, )
    Petitioner, )
     )
    v. ) 2:17-cv-572
     )
MICHAEL CLARK, et al., )
    Respondents. )

MEMORANDUM and ORDER

Richard Jamar Sears, Jr., and inmate at the State Correctional Institution at Albion has presented a petition for a writ of habeas corpus.

Petitioner is presently serving a 7½ to 15 year period of incarceration following his plea of guilty to charges of robbery, kidnapping and indecent assault at No. CP-65-CR-124-2003 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on November 29, 2004.[1]

The events that followed are fully set forth in the Superior Court's Memorandum of August 21, 2015 which appears as Petitioner's Exhibit L1-L7:

> On that same date [November 29, 2004], the trial court sentenced Appellant to an aggregate term of 7½ to 15 years' imprisonment to run concurrently with a 7½ to 15 year prison sentence that he received in Allegheny County. Appellant did not file a direct appeal or a PCRA petition.
>
> On May 17, 2005, almost six months after the imposition of sentence, the trial court issued a letter to the Pennsylvania Department of Corrections ("DOC") in response to DOC's inquiry about sentences Appellant previously had received in Cambria County. In the letter, the trial court stated that Appellant's [Westmoreland] sentence must run consecutive to the sentences previously imposed in Cambria County. On May 19, 2011, DOC requested the trial court to issue an order to confirm its May 17, 2005 letter. On June 13, 2011, the trial court issued an order confirming that Appellant's sentence of 7½ to 15 years' imprisonment was consecutive to the Cambria County sentences.

---
[1] See: Petition at ¶¶ 1-6.

> The trial court failed to serve Appellant with a copy of its June 13, 2011 order until December 6, 2013. Appellant did not file a direct appeal from the modified judgment of sentence. On January 27, 2014, he timely filed a PCRA petition, challenging, *inter alia*, the trial court's ability to modify his November 29, 2004 judgment of sentence more than thirty days after it became final… On September 26, 2014, the PCRA court dismissed Appellant's PCRA petition …
>
> On appeal, Appellant essentially argues that the PCRA court erred in concluding that the trial court had authority to modify the November 29, 2004 judgment of sentence more than thirty days after the sentence became final. We disagree. (footnotes omitted).

Relying on Pa.R.Crim. P. 705(B) which mandates that a sentencing judge state whether any sentence imposed runs concurrently or consecutively or any other sentence, the Superior Court concluded "the trial court's failure to comply with the strictures of Rule 705 was a patent error… Accordingly, the trial court's June 13, 2011 modification of the November 29, 2004 did not violate the thirty-day limit … of the Judicial Code, because the courts have inherent jurisdiction power to correct patent errors in sentencing order."(Petitioner's Exhibit L6].

In the instant petition, executed on April 26, 2017, Sears contends he is entitled to relief on the following grounds:

1. The actions of [Judge] McCormick in permitting the DA to proceed against me criminally when there is no saving clauses in Pennsylvania for criminal prosecutions and when said Constitution does no call for the creation/employment of a criminal code was done arbitrarily, sadistically and wantonly…

2. The actions of [Judge]McCormick in permitting the acts or omissions of the DA (John Peck) falsely alleging via information that the alleged offenses occurred in the County of Westmoreland when the criminal complaint at first glance contradicts the information and the alleged victim's testimony all reveal the County of Allegheny as the location where the alleged offenses allegedly occurred…

3. The actions of [Judge] McCormick in permitting the DA (John Peck) to proceed against me criminally via information alleging I violated fourteen (14) alleged counts of Purdon's Consolidated Statutes Annotated when these are merely annotations and said information fail to charge a crime defined and promulgated by a legislative enacting clause…

4. The actions of [Judge}McCormick in permitting the DA to proceed against me criminally via information for alleged indictable offenses absent any indictment from an approving grand jury was done arbitrarily…

5. The actions of [Judge] McCormick in convicting/sentencing me when I wasn't/isn't charged with a crime defined and promulgated by a legislative enacting clause was done arbitrarily…

6. The actions of [Judge] McCormick in adjudicating subject matter/alleged offenses that is alleged to have occurred in a territory beyond the geographical location of Westmoreland County and absent any proof of transfer of the same appearing upon the record was done arbitrarily …

7. The actions of [Judge] McCormick in accepting the fraudulently altered petition then fraudulently entering pleas of guilty upon the record purporting to be the acts of mine absent the knowledge and authorization/consent of mine then sentencing me to incarceration based upon the same and to be served in the Bureau of Corrections when the Pennsylvania Constitution does not call for the creation/employment of a prison system was done arbitrarily…

8. The acts and conduct of respondent Clark in actively continuing the unlawfully acceptance of me into the custody of the D.O.C. in light of me being unlawfully/illegally committed, and/or in failing or refusing to take any meaningful corrective action to rescind his … agreement with [Judge] McCormick to the acceptance/commitment of me into his/D.O.C. custody… are being engaged in and/or carried-out arbitrarily …

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". *Pace v. DiGulglielmo*, 544 U.S. 408 (2005).

In the instant case, petitioner was sentenced originally upon his guilty plea on November 29, 2004 and no appeal was pursued. If review by the state's highest court is not sought, the conviction becomes final when the time in which to seek such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012). Thus his conviction became final on December 29, 2004 when the time in which to appeal expired.[2] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until January 27, 2014. The basis for the latter petition rested exclusively on the state court issue of whether the trial court erred in confirming his sentence to be served consecutively to any Cambria County sentence. The denial of post-conviction relief based exclusively on state law provisions was affirmed on August 21, 2015 and allowance of appeal was denied by the Pennsylvania Supreme Court on February 1, 2016.[3] The instant petition was executed on April 26, 2017 or at almost fifteen months after it could be filed here and for this reason is untimely, absent a showing of a basis for equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). No such showing is made here, and for this reason the instant petition is untimely.

However, even if this was not the case, the only relief petitioner sought since his sentence was imposed in 2004 was his January 27, 2014 post-conviction petition in which he raised a matter based exclusively on state law. Thus, even if not time barred, as a matter of state law it is not subject to challenge in a federal proceeding. *Swarthout v. Cooke*, 131 S.Ct. 859 (2011).

Finally, we note that petitioner's conviction was entered following his guilty plea in 2004. Where a habeas challenge is directed at a plea of guilty, the basis for federal relief must rest on a claim that the plea was not knowingly, voluntarily and intelligently entered. *Bradshaw v. Stumpf*, 545 U.S. 175 (2005). While such a claim might arguably be contained within his allegations

---

[2] Rule 903, Pa.Rules App. P.
[3] Leave to file "original process" in the Pennsylvania Supreme Court was denied on March 3, 2017. (Petitioner's Exhibit N).

here in which he contends that the Judge was at fault for accepting his plea clearly this does not rise to the level for effectively challenging a guilty plea.

  Accordingly, it will be ordered that the petitioner show cause why the instant petition should not be dismissed as untimely.

  An appropriate Order will be entered.

ORDER

AND NOW, this 9th day of May, 2017, it is Order that on or before May 23, 2017, the petitioner show cause if any why the instant petition should not be dismissed as untimely.

                                                s/ Robert C. Mitchell
                                                United States Magistrate Judge